IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: |
| v. | ) | Filed: |
| BRUCE MCCAFFREY, | ) | Violation: 15 U.S.C. § 1 |
| Defendant. | ) | |

## INFORMATION

THE UNITED STATES, ACTING THROUGH ITS ATTORNEYS, CHARGES:

### Defendant and Co-Conspirators

1. During the period covered by this Information, Bruce McCaffrey ("Defendant") was Vice President of Freight, The Americas, for Qantas Airways Limited ("Qantas"), a corporation organized and existing under the laws of Australia with its principal place of business in Mascot, N.S.W., Australia. During the period covered by this Information, Defendant, on behalf of Qantas, was engaged in the business of providing air transportation services for cargo in the United States and elsewhere. Defendant's offices were in Los Angeles, California.

2. Various corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

3. Whenever in this Information reference is made to any act, deed, or transaction of

any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## Background of the Offense

During the period covered by this Information:

4.  Defendant and his co-conspirators provided international air transportation services for cargo ("air cargo services") to and from the United States.

5.  Qantas' air cargo services transported a variety of cargo shipments, such as heavy equipment, perishable commodities, and consumer goods, on scheduled flights within Australia and internationally, including to and from the United States. For air cargo services, Defendant, on behalf of Qantas, charged his customers a rate that consisted of both a base rate and various surcharges, such as fuel and post-September 11 security surcharges. The rates charged by Defendant's co-conspirators for air cargo services also included both a base rate and various surcharges. The amount of the base rate charged by Defendant and his co-conspirators could vary based on the type and weight of the shipment, the origin and/or destination of the shipment, and the nature of the goods or products being shipped. Similarly, the amount of certain surcharges levied by Defendant and his co-conspirators could vary based on the origin and/or destination of the shipment. The base rate and surcharges charged to customers by Defendant and his co-conspirators for air cargo services are collectively referred to herein as "cargo rates."

## Conspiracy to Restrain Trade

6.  From at least as early as January 1, 2000 and continuing until at least February 14, 2006, the exact dates being unknown to the United States, Defendant and his co-conspirators

entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the cargo rates charged to customers in the United States and elsewhere for international air shipments. The combination and conspiracy engaged in by Defendant and his co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

7.  The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and his co-conspirators, the substantial terms of which were to suppress and eliminate competition by fixing cargo rates to and from the United States and elsewhere.

**Manner and Means of the Conspiracy**

8.  For purposes of forming and carrying out the charged combination and conspiracy, Defendant and his co-conspirators did those things that they combined and conspired to do, including, among other things:

   a. participating in meetings, conversations, and communications in the United States and elsewhere to discuss the cargo rates to be charged on certain routes to and from the United States;

   b. agreeing, during those meetings, conversations, and communications, on certain components of the cargo rates to charge for shipments on certain routes to and from the United States;

   c. levying cargo rates in the United States and elsewhere in accordance with the agreements reached; and

   d. engaging in meetings, conversations, and communications in the United

States and elsewhere for the purpose of monitoring and enforcing adherence to the agreed-upon cargo rates.

## Trade and Commerce

9. During the period covered by this Information, proposals, contracts, invoices for payment, payments, and other documents essential to the provision of air cargo services were transmitted in interstate and foreign trade and commerce between and among the offices of Defendant and his customers located in various States and foreign countries.

10. During the period covered by this Information, Defendant and his co-conspirators transported substantial quantities of cargo, in a continuous and uninterrupted flow of interstate and foreign commerce, between various foreign countries and the United States, including through various U.S. airports to final destinations in various States.

11. During the period covered by this Information, certain of the business activities of Defendant and his co-conspirators in connection with the air cargo services that are the subject of this Information were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## Jurisdiction and Venue

12. The combination and conspiracy charged in this Information was carried out, in

part, in the District of Columbia within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:

_____
Thomas O. Barnett
Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Marc Siegel
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_____
Lisa M. Phelan
Chief, National Criminal Enforcement Section
Antitrust Division
United States Department of Justice

_____
Mark R. Rosman, Assistant Chief
Brent Snyder, Trial Attorney
Mark C. Grundvig, Trial Attorney
Kathyrn M. Hellings, Trial Attorney
Elizabeth Aloi, Trial Attorney
Katherine A. Schlech, Trial Attorney

National Criminal Enforcement Section
Antitrust Division
United States Department of Justice