IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 08-cr-135-JDB |
| ) | |
| ) | Filed: |
| v. ) | |
| ) | Violation: 15 U.S.C. §1 (Sherman Act) |
| BRUCE MCCAFFREY, ) | |
| ) | **FILED** |
| Defendant. ) | MAY 15 2008 |
| ) | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

## PLEA AGREEMENT

The United States of America and Bruce McCaffrey ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1.  The defendant understands his rights:

    (a)   to be represented by an attorney;

    (b)   to be charged by Indictment;

    (c)   to plead not guilty to any criminal charge brought against him;

    (d)   to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

    (e)   to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

    (f)    not to be compelled to incriminate himself;

    (g)    to appeal his conviction, if he is found guilty; and

    (h)    to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.    The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above, and also agrees to waive any objection or defense he may have to the prosecution of the charged offense in the United States District Court for the District of Columbia based on venue or jurisdiction. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or § 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the District of Columbia. The Information will charge the defendant with participating in a combination and conspiracy to suppress and eliminate competition by fixing the cargo rates charged to customers in the United States and elsewhere for international air shipments, from at least as early as January 1, 2000 until at least February 14, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.    The defendant, pursuant to the terms of this Plea Agreement, will

plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below. The United States agrees that at the arraignment, it will stipulate to the release of the defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.  Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)  For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as January 1, 2000, until at least February 14, 2006. During the relevant period, the defendant was Vice President of Freight, The Americas, for Qantas Airways Limited ("Qantas"), an entity organized and existing under the laws of Australia with its principal place of business in Mascot, NSW, Australia. Defendant was based in Los Angeles, California. During the relevant period, Qantas provided international air transportation for cargo on routes to and from the United States ("air cargo services") and the defendant supervised or managed more than 25 individuals located throughout the United States. For air cargo services, Qantas charged its customers a price that consisted of a base rate and, at times during the relevant period, various surcharges, such as a fuel surcharge and a security surcharge. The base rate and surcharges charged by Qantas to customers for air cargo services are collectively referred to herein as the "cargo rate." During the relevant period, Qantas' sales of air cargo services from the United States totaled at least $367.6 million.

(b) During the relevant period, the defendant participated in a conspiracy with one or more providers of air cargo services, a primary purpose of which was to suppress and eliminate competition by fixing one or more components of the cargo rates charged to customers for certain air cargo services. In furtherance of the conspiracy, the defendant engaged in discussions and attended meetings with representatives of one or more providers of air cargo services. During these discussions and meetings, agreements were reached to fix one or more components of the cargo rates to be charged to purchasers of certain air cargo services ("Relevant Offense"). The defendant was a manager or supervisor in the conspiracy which involved at least five participants and was otherwise extensive.

(c) During the relevant period, certain air cargo shipments provided by one or more of the conspirator carriers, and aircraft necessary to transport the air cargo shipments, as well as payments for the air cargo shipments, traveled in interstate and foreign commerce. The business activities of the defendant and co-conspirators in connection with the sale and provision of air cargo services affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

**POSSIBLE MAXIMUM SENTENCE**

5. The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a) a term of imprisonment for 10 years (15 U.S.C. § 1);

  (b) a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

  (c) a term of supervised release of three (3) years following any term of imprisonment (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).  If the defendant violates any condition of supervised release, the defendant could be imprisoned for up to two (2) years (18 U.S.C. § 3583(e)(3)).

6. In addition, the defendant understands that:

  (a) pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

  (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth

in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

Pursuant to U.S.S.G. § 6B1.4, the United States and the defendant enter into the following stipulations:

    (a)    The base offense level for the offense to which the defendant is pleading guilty, as established by U.S.S.G. § 2R1.1(a), is 12.

    (b)    The volume of commerce attributable to the defendant within the meaning of U.S.S.G. § 2R1.1(b)(2) is more than $250,000,000, but less than $500,000,000, which increases the offense level by 10.

    (c)    Based on the defendant's role in the offense, a 3-level increase in the offense level is appropriate pursuant to U.S.S.G. § 3B1.1(b).

    (d)    For purposes of U.S.S.G. § 3E1.1, a 3-level reduction of the offense level for defendant's acceptance of responsibility is appropriate. However, should the United States obtain or receive additional evidence or information prior to sentencing that, in its sole discretion, it determines to be credible and materially in conflict with this stipulation, then the United States shall no longer be bound by this stipulation.

    (e)    Based on the foregoing, defendant's adjusted offense level for the offense to which he is pleading guilty is 22. The Guidelines sentencing range for offense level 22

is 41 to 51 months imprisonment. The defendant's appropriate Guidelines fine range within the meaning of § 2R1.1(c)(1) is between $3.67 and $18.38 million.

## SENTENCING AGREEMENT

8.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence in Offense Level 11, Zone C, requiring the defendant to serve a period of imprisonment of eight (8) months, and no period of supervised release, and require the defendant to pay to the United States a criminal fine of $20,000 payable in full before the fifteenth (15th) day after imposition of sentence ("the recommended sentence"). The defendant agrees that he will not request that he be allowed to serve any part of his sentence of imprisonment in home detention or community confinement. The United States will not object to the defendant's request that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the defendant be assigned to a Federal Minimum Security Camp (or one specific such Camp as the defendant may request at or prior to his sentencing) to serve his sentence of imprisonment and that the defendant be released following the imposition of sentence to allow him to self-surrender to the assigned correctional facility on a specified date after his sentencing. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range or any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is

reasonable. The United States agrees that it will not seek an order of restitution because of the availability of civil causes of action. The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

9. The United States and the defendant agree that the applicable Guidelines incarceration and fine ranges exceed the term of imprisonment and fine contained in the recommended sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the defendant, as described in Paragraph 12 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §5K1.1, for a downward departure from the Guidelines incarceration and fine ranges in this case and will request that the Court impose the term of imprisonment and fine contained in the recommended sentence set out in Paragraph 8 of this Plea Agreement because of the defendant's substantial assistance in the United States' investigation and prosecutions of violations of federal criminal law in the air cargo industry.

10. Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 12 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and his commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until his cooperation is complete.

11. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the recommendation contained in this Plea Agreement, he nevertheless has no right to withdraw his plea of guilty.

### DEFENDANT'S COOPERATION

12. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the air cargo industry, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a) producing all non-privileged documents, including claimed personal documents, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by attorneys and agents of the United States;

(b) making himself available for interviews upon the request of attorneys and agents of the United States;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d) otherwise voluntarily providing the United States with any

non-privileged material or information, not requested in (a) - (c) of this paragraph, that he may have that is related to any Federal Proceeding; and

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

### **UNITED STATES' AGREEMENT**

13. Subject to the full, truthful, and continuing cooperation of the defendant, as described in Paragraph 12 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States will not bring further criminal charges against the defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of the Relevant Offense. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

14. The defendant understands that he may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation

of the defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

15. The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

16. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

17. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full and truthful cooperation, as described in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify the

defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

18. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

19. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

20. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

21. A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: 5/15/08

Respectfully submitted,

_____
Bruce McCaffrey
*Defendant*

_____
Mark R. Rosman, Assistant Chief
Brent C. Snyder, Trial Attorney
Mark C. Grundvig, Trial Attorney
Kathryn M. Hellings, Trial Attorney
Elizabeth Aloi, Trial Attorney
Katherine A. Schlech, Trial Attorney

Antitrust Division
U.S. Department of Justice
National Criminal Enforcement Section
1401 H Street, NW, Suite 3700
Washington, DC 20005
202-514-1953
*Counsel for the United States*

_____
Jeffrey A. Udell, Esq.
Olshan Grundman Frome Rosenzweig
  & Wolosky LLP
Park Avenue Tower
65 E. 55th St.
New York, NY 10022
212-451-2238
*Counsel for Defendant*

13