IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No.: 08-cr-135-JDB |
| v. | ) ) | MOTION FOR AUTHORIZATION TO GIVE CRIME VICTIM |
| BRUCE MCCAFFREY, | ) ) | NOTIFICATION PURSUANT TO |
| Defendant. | ) ) ) | 18 U.S.C. § 3771 **FILED** |

**FILED**

**MAY 1 5 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The United States, through its counsel, hereby moves as follows:

1.      Pursuant to 18 U.S.C. § 3771(d)(2), the United States Department of Justice, Antitrust Division makes a motion requesting that this Court adopt a "reasonable procedure" for providing notice to "crime victims" as provided for under the Crime Victims' Rights Act, 18 U.S.C. § 3771 (the "Act").

2.      The Act, as amended in 2004, requires that the Department of Justice use its "best efforts" to see that "crime victims" are notified of and accorded rights as described in 18 U.S.C. § 3771(a).  18 U.S.C. § 3771(c)(1).  The Act defines "crime victim" as a "person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia."  18 U.S.C. § 3771(e).

3.      The rights of a crime victim under the Act include the "right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused."  18 U.S.C. § 3771(a)(2).

4.      Where, however, the court finds that the number of crime victims makes it

"impracticable" to accord all of the crime victims the rights in § 3771(a), the court "shall fashion

a reasonable procedure" to give effect to the Act that does not "unduly complicate or prolong the

proceedings." 18 U.S.C. § 3771(d)(2).

5.      In the antitrust case before this Court entitled <u>United States v. Bruce McCaffrey</u>,

the Government submits that the number of "crime victims" directly and proximately harmed by

the subject air cargo and passenger conspiracies would make it impracticable for the Government

to provide to each victim individual notices about every public court proceeding or any parole

proceeding involving the crime, or of any release or escape of the accused.  Furthermore, victims

harmed by the air cargo and passenger conspiracies are already on notice because several civil

antitrust class action cases were filed on behalf of the alleged victims.

6.      Accordingly, the Government asks that the Court adopt a "reasonable procedure"

for providing notices to crime victims in the criminal case before the Court.  18 U.S.C. §

3771(d)(2).  Specifically, the Government proposes that for any proceeding requiring victim

notice under 18 U.S.C. § 3771(a)(2), the Government will provide reasonable notice of the

proceeding on the internet, at the publicly accessible web site for the Antitrust Division,

http://www.usdoj.gov/atr.  The Government has already issued a widely distributed press release

which indicates that significant pleadings will be available on the Antitrust Division's web site

and directs people to that web site.  The Government will also directly notify lead counsel for the

plaintiffs in the current pending cargo and passenger class actions.  Providing notice on the

internet and direct notice to lead counsel for the plaintiffs in the class actions would accomplish

the purpose of the Act with respect to reasonable notice without unduly complicating or

prolonging the proceedings.  18 U.S.C. § 3771(d)(2).  The United States has followed this

procedure successfully in connection with the three previous corporate plea agreements that

stemmed from the same investigation, <u>United States v. Korean Air Lines, Co</u>, Ltd. (Crim. No.

07-0184-JDB), <u>United States v. British Airways</u> (Crim. No. 07-0183-JDB), and <u>United States v.</u>

<u>Qantas Airways, Ltd.</u> (Crim. No. 07-0322-JDB). The latter company was the employer of

Defendant McCaffrey.

DATED: May 15, 2008

> Respectfully submitted,
>
> **THOMAS O. BARNETT**
> **ASSISTANT ATTORNEY GENERAL**
>
>
> BY:    _____
> Mark Rosman, Assistant Chief
> Brent Snyder, Trial Attorney
> Mark Grundvig, Trial Attorney
> Kathryn Hellings, Trial Attorney
> Elizabeth Aloi, Trial Attorney
> Katherine A. Schlech, Trial Attorney
> U.S. Department of Justice
> Antitrust Division
> 1401 H Street, N.W., Suite 3700
> Washington, D.C. 20530
> Tel.: (202) 307-6694
> Fax: (202) 514-6525

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No.: 08-cr-135-JDB |
| v. | ) ) | [PROPOSED] ORDER GRANTING MOTION FOR AUTHORIZATION |
| BRUCE MCCAFFREY, | ) ) ) | TO GIVE CRIME VICTIM NOTIFICATION PURSUANT TO |
| Defendant. | ) ) | 18 U.S.C. § 3771 |

On this date the Court considered the Motion to Establish Procedure for Crime Victim

Notification Pursuant to 18 U.S.C. § 3771, filed by the United States Department of Justice,

Antitrust Division.  Having considered the Motion and for good cause shown, the Court

GRANTS the Motion and ORDERS that for any public court or parole proceeding involving the

crime, or the release or escape of the accused in this case, the Antitrust Division may provide

reasonable, accurate, and timely notice through its web site, http://www.usdoj.gov/atr, and

through letters to lead counsel for the plaintiffs in the pending civil class actions, rather than

individual notices to the crime victims of the air cargo and passenger conspiracies.

IT IS SO ORDERED.


Dated: _____, 2008.

_____
Hon. John D. Bates
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served upon

the undersigned attorney by hand and First Class U.S. Mail, postage pre-paid, and by facsimile at

the address set out below on May 15, 2008:

Jeffrey A. Udell, Esq.
Olshan, Grundman, Frome, Rosenzweig & Wolosky, LLP
Park Avenue Tower
65 E. 55th St.
New York, NY  10022
phone: 212-451-2238
fax: 212-451-2222

DATED: May 15, 2008 at Washington, D.C.

_____
Katherine A. Schlech