IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.   1:08-CR-00135 (JDB) |
| ) | |
| ) | |
| v. ) | |
| ) | U.S.S.G. 5K MOTION and |
| BRUCE MCCAFFREY, ) | SENTENCING MEMORANDUM |
| ) | |
| Defendant. ) | |

UNITED STATES' MEMORANDUM IN AID OF SENTENCING AND
MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. 5K1.1

The United States hereby moves for a downward departure from the United States Sentencing Guidelines ("U.S.S.G.") Offense Level and incarceration and fine range calculated in the above-captioned matter due to Defendant Bruce McCaffrey's substantial assistance in the continuing investigation of Sherman Act violations by other companies and individuals.

I. FACTUAL BACKGROUND

As noted during the plea hearing, Defendant McCaffrey agreed to the following facts:

From at least as early as January 1, 2000, until at least February 14, 2006, he was Vice President of Freight, The Americas, for Qantas Airways Limited ("Qantas"), an Australian corporation and was based in Los Angeles, California. Qantas provided international air transportation for cargo on routes to and from the United States ("air cargo services") and the defendant supervised or managed more than 25 individuals located throughout the United States. For air cargo services, Qantas charged its customers a price that consisted of a base rate and, at

times during the relevant period, various surcharges, such as a fuel surcharge and a security surcharge. The base rate and surcharges charged by Qantas to customers for air cargo services are collectively referred to herein as the "cargo rate." During the relevant period, Qantas' sales of air cargo services from the United States totaled at least $367.6 million. The business activities of Qantas and the co-conspirators in connection with the sale and provision of air cargo services affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

Defendant McCaffrey acknowledged that he participated in a conspiracy with one or more providers of air cargo services, a primary purpose of which was to suppress and eliminate competition by fixing one or more components of the cargo rates charged to customers for certain air cargo services. In furtherance of the conspiracy, Defendant McCaffrey engaged in discussions and attended meetings with representatives of one or more providers of air cargo services. During these discussions and meetings, agreements were reached to fix one or more components of the cargo rates to be charged to purchasers of certain air cargo services. Defendant McCaffrey also agreed that he was a manager or supervisor in the conspiracy which involved at least five participants and was otherwise extensive.

II. SENTENCING CONSIDERATIONS

The United States respectfully submits that the following factors enumerated in U.S.S.G. §5K1.1 warrant downward departure.

    A.    **Nature and Extent of Assistance**

U.S.S.G. §5K1.1(a)(3) lists as a relevant factor the nature and extent of the Defendant's assistance. Since he began cooperating, Defendant has met with the attorneys for the United

States on multiple occasions, including before he was arraigned, to provide information regarding his own culpability and that of his co-conspirators. In these sessions, Defendant McCaffrey provided direct evidence against several corporations and individuals, both inside and outside Qantas. Moreover, as a result of these sessions, the United States has been given leads regarding others who may have information useful to the ongoing investigation. Defendant is committed to continuing his cooperation by, among other things, making himself available to testify whether at grand jury or at any trial that may arise from the ongoing investigation. Defendant's cooperation to date has been exemplary and he is obligated by the terms of his plea agreement to continue to provide that cooperation in the future.

    **B.**    **Timeliness**

U.S.S.G. §5K1.1(a)(5) lists as a relevant factor the timeliness of the defendant's assistance. As this Court is aware, the United States has secured guilty pleas from four corporations (British Airways, Korean Air Lines, Qantas, and Japan Airlines) and has filed informations and will soon take pleas from five more companies (Air France, Cathay Pacific, KLM, Martinair and SAS). The fines in those nine cases collectively total more than a billion dollars. Yet, Defendant McCaffrey is the very first individual to come forward in the investigation and agree to plead guilty and cooperate. The cooperation he has provided to date is sufficiently timely that other culpable individuals are likely to be prosecuted well before the statute of limitations becomes a problem.

    **C.**    **Truthfulness**

U.S.S.G. §5K1.1(a)(2) lists as a relevant factor the truthfulness, completeness, and reliability of any information or testimony provided by the defendant. Defendant McCaffrey has

provided a wealth of information regarding specific meetings and discussions with competitors about surcharges, rates and other competitively sensitive business information. The information he provided about those contacts has been corroborated by other witnesses and contemporaneous documents from Qantas' files as well as those of its U.S.-based competitors. Where necessary, Defendant McCaffrey was able to interpret the meaning and significance of some of the documents that were not clear on their face. The United States has no reason to doubt the veracity of the information provided so far.

### D.     Government's Evaluation of the Assistance

U.S.S.G. §5K1.1(a)(1) lists as a relevant factor the United States' evaluation of the assistance rendered by the defendant. In this case, the United States believes that Defendant McCaffrey has provided full and substantial cooperation which has been of significant and useful assistance to its ongoing investigation. He has provided a complete accounting of his own criminal conduct and has given the United States important details about the inner workings of the scheme. His cooperation has provided the United States with timely, extensive, credible information against numerous corporate and individual co-conspirators which significantly advanced this investigation. As a direct result of information provided by Defendant McCaffrey, the United States expects to be able to obtain the cooperation of additional corporate and individual co-conspirators.

International conspiracies which are formed and carried out by conspirators located in various countries are difficult to prove without the testimony of co-conspirators. Defendant McCaffrey might have refused to cooperate and instead forced the United States to seek his indictment. Although the United States had sufficient evidence from other sources to pursue that

course, the delay would unquestionably have jeopardized the Government's ability to bring other individuals and corporations to justice. Instead, Defendant McCaffrey chose to assist the United States early in its investigation in a highly significant and useful way.

**E. Other Factors Under 18 U.S.C. §3553(a)**

When fashioning an appropriate sentence, the Court should also consider the factors set forth in 18 U.S.C. §3553(a). As described herein, Defendant McCaffrey participated in a serious crime over a long period of time. He does not, however, have any criminal history and does not appear to be at high risk for recidivism. He has accepted responsibility for his actions and appears genuinely remorseful. The antitrust sentencing guidelines in U.S.S.G. Part R tie the offense level (and sentence) to the volume of commerce because that results in a sentence that both reflects the seriousness of the offense and, should serve to deter criminal conduct by similarly situated business executives.

By the same token, a significant departure is vital, and necessary in this case and in similar cases, in order to encourage individuals to come forward and cooperate early in an investigation at a time when the information they can provide will be most useful. Indeed, the United States believes that the departure recommended in this case played a very significant role in Defendant McCaffrey's decision to plead guilty and cooperate, and, as noted previously, that cooperation came at a time when it could and did materially advance the investigation against others.

Finally, the proposed sentence adequately protects against unwarranted sentence disparities among antitrust defendants with similar records. All antitrust sentences, like the fraud guidelines, start from the proposition that the sentence should reflect the harm caused. As the

Guidelines note: "Tying the offense level to the scale or scope of the offense is important in order to ensure that the sanction is in fact punitive and that there is an incentive to desist from a violation once it has begun." U.S.S.G. §2R1.1, Commentary (Background). Although the offense levels are not directly tied to damages, the volume of commerce serves as a proxy for the harm caused and functions as well to foster consistency among the sentences imposed for antitrust offenders. Thus, the only disparity stems from the amount of the departure, and Defendant McCaffrey is justifiably being given the benefit of being the first individual to plead guilty.

III. CONCLUSION

Accordingly, in the opinion of the United States, the cooperation already tendered and promised in future by Defendant McCaffrey merits a significant downward departure as contemplated by Section 5K1.1. As set forth in the parties' Plea Agreement, a copy of which has been provided to the Court, the U.S.S.G. sentencing calculation establishes an offense level of 22 (after the various adjustments, including volume of commerce, role in the offense and acceptance of responsibility) and a fine range of $3.67-$18.38 million. The United States recommends and respectfully requests that its request for downward departure be granted and that Defendant McCaffrey be sentenced in Offense Level 11, Zone C, to a period of incarceration of eight (8) months, with no period of supervised release, and that he be sentenced to pay a criminal fine of

$20,000 within 15 days after imposition of sentence pursuant to the terms of the parties' Plea Agreement.

DATED: July14, 2008

                                                   Respectfully submitted,

BY:   s/   Katherine A. Schlech
       Mark Rosman, Assistant Chief
       Brent Snyder, Trial Attorney
       Mark Grundvig, Trial Attorney
       Kathryn Hellings, Trial Attorney
       Elizabeth Aloi, Trial Attorney
       Katherine A. Schlech, Trial Attorney
       U.S. Department of Justice
       Antitrust Division
       450 5th St., NW
       Suite 11300
       Washington, D.C. 20530
       Tel.: (202) 307-6694
       Fax: (202) 514-6525

CERTIFICATE OF SERVICE

_____I hereby certify that I caused a true and correct copy of the foregoing to be served upon the undersigned attorney via the Electronic Case Filing system on July 14, 2008:

    Jeffrey A. Udell, Esq.
    Olshan, Grundman, Frome, Rosenzweig & Wolosky, LLP
    Park Avenue Tower
    65 E. 55th St.
    New York, NY  10022
    phone: 212-451-2238
    fax: 212-451-2222

DATED:    July 14, 2008 at Washington, D.C.


                                /s/   Katherine A. Schlech
                                Katherine A. Schlech
                                U.S. Department of Justice
                                Antitrust Division
                                450 5th St., NW
                                Suite 11300
                                Washington, D.C. 20530