OLSHAN GRUNDMAN FROME ROSENZWEIG
& WOLOSKY LLP
Thomas J. Fleming (DC Bar No. 322131)
Jeffrey A. Udell (*pro hac vice*)
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Tel.: (212) 451-2300
Fax: (212) 451-2222
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE McCAFFREY,<br><br>Defendant. | Criminal No. 1:08-cr-00135-JDB 1 |

## SENTENCING MEMORANDUM OF DEFENDANT BRUCE McCAFFREY

Defendant Bruce McCaffrey, by his attorneys, submits this Memorandum for the Court's consideration, in advance of sentencing in the above-captioned case, scheduled for July 28, 2008. For the reasons set forth below, we respectfully submit that the Court should sentence Mr. McCaffrey to no more than the most lenient sentence contemplated under the parties' plea agreement: *i.e.*, eight months' incarceration, no supervised release and a $20,000 fine.

### The Offense

Mr. McCaffrey pled guilty on May 15, 2008, to a single count Information, charging him with participating in a conspiracy to suppress competition by fixing the rates charged to customers for the international shipments of cargo via air transport, in violation of the Sherman

Antitrust Act, Title 15, United States Code, Section 1.  The dates of the charged conspiracy were January 1, 2000, through February 14, 2006.

During that time, Mr. McCaffrey was employed by Qantas Airways Limited as the Vice President of Freight, the Americas.  The Information and the Presentence Investigation Report ("PSR") note that Mr. McCaffrey was the supervisor or manager at Qantas of more than 25 individuals.  (PSR ¶ 11).  The vast majority of those persons, however, were clerical or operations employees who had nothing whatsoever to do with the offense charged in this case. In terms of the worldwide Qantas hierarchy, Mr. McCaffrey was essentially "middle management."  He was considered by Qantas to be a "fifth tier" manager, meaning that he was four tiers below the company's chief executive officer -- along with approximately 1500 other Qantas employees worldwide at his level.  All of Mr. McCaffrey's supervisors, to whom he reported, were based in Sydney, Australia.

The idea for the scheme charged in this case originated outside the United States, and involved many airlines, at least nine of which, including Qantas, have already entered corporate guilty pleas to price fixing.  (PSR ¶¶ 7-10(d)).  At Qantas, the plan to engage in price-fixing emanated from Sydney, which gave direction to Qantas managers around the world, including Mr. McCaffrey, to coordinate certain aspects of pricing with their colleagues at other airlines. Like his co-managers around the world, Mr. McCaffrey, regretfully, succumbed to the pressure to perform for his company.  He engaged in pricing discussions with his peers at other airlines and reported the results of those discussions back to his superiors in Sydney.  Mr. McCaffrey knew that his conduct was wrong at the time, and he acknowledges full responsibility for his mistake.

## Application of the United States Sentencing Guidelines

The Government, the Probation Office and Mr. McCaffrey are all in agreement with respect to the calculation of the sentencing range in this case, under the United States Sentencing Guidelines. Specifically, the base offense level of 12, pursuant to U.S.S.G. § 2R1.1(a), is increased by 10 levels, under U.S.S.G. § 2R1.1(b)(2)(E), due to the "volume of commerce" involved in Qantas's trans-Pacific cargo flights flown during the course of the conspiracy. (PSR ¶¶ 18-19). Because Mr. McCaffrey was the supervisor of approximately four area sales managers, a 3-point enhancement under U.S.S.G. § 3B1.1(b) is appropriate. (PSR ¶ 21). Finally, because the parties and the Probation Office agree that Mr. McCaffrey has accepted responsibility for his offense, a three-level reduction is appropriate, pursuant to U.S.S.G. § 3E1.1(b). (PSR ¶ 25). Accordingly, the total offense level in this case is 22. (PSR ¶ 26). As Mr. McCaffrey has no criminal history points, his criminal history category is I, yielding an initial sentencing range, of 41 to 51 months' incarceration.

As set forth in further detail below, however, the Government has made a motion for a downward departure from the otherwise applicable Guidelines range, pursuant to U.S.S.G. § 5K1.1, due to Mr. McCaffrey's substantial assistance in the investigation of Sherman Act violations. Accordingly, this Court is freed from the strictures of the Guidelines, and has the authority to impose a reasonable sentence, consistent with the factors enumerated in Title 18, United States Code, Section 3553(a) and U.S.S.G. § 5K1.1(a)(1)-(5).

## The Plea Agreement and Mr. McCaffrey's Cooperation

Mr. McCaffrey tendered his plea pursuant to a written Plea Agreement executed by him and the Government. Under that Agreement, Mr. McCaffrey agreed to cooperate fully and

584493-1

truthfully with the United States in its far reaching investigation into the violation of antitrust laws in the air cargo industry. Mr. McCaffrey agreed, among other things, to produce documents, make himself available for interviews by the Government, respond fully and truthfully to all inquiries by the Government, and testify, if requested to do so.

In return, the Government agreed, subject to Mr. McCaffrey's full and continuing cooperation, to make a motion pursuant to U.S.S.G. § 5K1.1, for a downward departure from the Guidelines incarceration and fine ranges, and to request that the Court impose a sentence in accordance with the parties' agreement: *i.e.*, Offense Level 11, Zone C, eight months' imprisonment, with no supervised release and a $20,000 fine.

On July 14, 2008, the Government indeed moved for a downward departure, pursuant to Section 5K1.1, noting that Mr. McCaffrey had provided "substantial assistance in the continuing investigation of Sherman Act violations by other companies and individuals." (5K Mot. at 1).

### Argument

This Court should sentence Mr. McCaffrey to the minimum sentence called for under the terms of the Plea Agreement -- that is, a sentence of eight months. We respectfully submit that even a sentence of eight months is a very severe sentence under the circumstances of this case, which include: (i) Mr. McCaffrey's timely and fulsome cooperation; (ii) his unblemished prior record and life of productive service to his country, his community and his employer, Qantas; (iii) Mr. McCaffrey's failing health; and (iv) his relative level of culpability, participation and role in the offense.

### A.    Mr. McCaffrey's Timely Cooperation

The Government's investigation in this case has, thus far, netted ten corporations: Lufthansa (which was not charged, pursuant to the Antitrust Division's amnesty program),

British Airways, Korean Air Lines, Qantas and Japan Airlines (each of which has already pled guilty) and Air France, Cathay Pacific, KLM, Martinair and SAS (each of which will plead guilty shortly, to criminal charges already filed). (5K Mot. at 3). The fines recovered from these cases total over one billion dollars. (*Id.*). There must be, at a bare minimum, scores of individuals at these airlines who participated in the culpable conduct to which the corporations pled guilty or otherwise acknowledged. Out of all of these individuals at all of these corporations, Mr. McCaffrey was the very first person to accept responsibility for his conduct, plead guilty and cooperate with the Government. (*Id.*). Mr. McCaffrey should be rewarded for his timely cooperation because it will encourage other individuals to do the same, and thereby assist the Government significantly. Moreover, as the Government notes, Mr. McCaffrey's cooperation is also important because it is "sufficiently timely that other culpable individuals are likely to be prosecuted well before the statute of limitations becomes a problem." (*Id.*).

In support of its motion, the Government notes that Mr. McCaffrey has "provided a wealth of information regarding specific meetings and discussions with competitors about surcharges, rates and other competitively sensitive business information." (5K Mot. at 4). In addition, Mr. McCaffrey has been "able to interpret the significance of some of the documents that were not clear on their face." (*Id.*). The Government continues:

> [Mr. McCaffrey] . . . has given the United States important details about the inner workings of the scheme. His cooperation has provided the United States with timely, extensive, credible information against numerous corporate and individual co-conspirators which significantly advanced this investigation. As a direct result of information provided by Defendant McCaffrey, the United States expects to be able to obtain the cooperation of additional corporate and individual co-conspirators.

(5K Mot. at 4).

584493-1

The Government further explains the policy reasons behind rewarding someone in Mr. McCaffrey's position with a merciful sentence: "[A] significant departure is vital, and necessary in this case and in similar cases, in order to encourage individuals to come forward and cooperate early in an investigation at a time when the information they can provide will be most useful." (5K Mot. at 5). A significant departure in this case indeed will further those goals. *See, e.g., United States v. Bras*, 483 F.3d 103, 114 (D.C. Cir. 2007) (lesser sentences for cooperators were justified due to their substantial assistance in the investigation: "'Without, frankly, the cooperators,' . . . other 'individuals would not have come forward [and] the extent of the scheme would not have been known.'").

**B.    Mr. McCaffrey's Record of Public and Private Service**

Mr. McCaffrey's conduct in this case represents a gross aberration from a lifetime record of noble public and private service. As reflected in the PSR, and in the letters submitted from Mr. McCaffrey's family, friends and colleagues, Mr. McCaffrey's life is punctuated by devotion to his country, his family and his employer.[1]

It was Mr. McCaffrey's love of country that led him to volunteer for the Army in the 1960s, during the height of the Vietnam War. His brother, Neil McCaffrey, writes:

> If I am asked if there is one particular virtue that stands out about my brother the first thing that comes to my mind is his patriotism. I wanted him to follow me into the Marines but he chose to follow in our father's footsteps into the Army. A few months before I returned from Viet Nam, in July of 1966, Bruce volunteered to join the United States Army. He did so at a very difficult time in our countries history and did this without hesitation. He knew his country needed him. After being accepted into Officers Candidate School, he graduated as Second Lieutenant. Since there was a great need for helicopter pilots, at this time, he volunteered for flight school where again he successfully completed the course and

---

[1] Attached as exhibits to this Memorandum are 14 letters from family, friends and colleagues of Mr. McCaffrey, each attesting to the character of this fine man. Although excerpts from several of the letters will be quoted herein, we invite the Court to read each letter in its entirety.

became a helicopter pilot. He served until 1974 when he was honorably discharged. Although he never made it to Viet Nam it wasn't for lack of trying.

It should be noted that the arthritis in Bruce's hands and feet were already in an advanced stage for a man of his age, I suppose he could have gotten a medical deferment if he chose to. Like his father and I, he was going to serve his country and he would not use that as an excuse.

(Ex. 11 at 1; *see also* PSR ¶ 54).

Mr. McCaffrey has shown the same sense of devotion to his family. His sister Karen

McCaffrey writes:

Through the years, my brothers have given me all the support and love any sister could ask for.

We recently lost our Mother, whom we were very close to. During the course of her 4 months of hospice care, Bruce flew back and forth from LA to NJ to be by her side. He not only made several visits; but he called everyday to speak with Mom and always ended the conversation with "I love you Mom". Mom wished for the three of us to be by her side when she died and Bruce, Neil and I were there to hold her hand and share our love before she passed. . . .

Bruce has also been unfailingly there for me, especially in my darkest moments. I lost my husband Peter to cancer three years ago…it was an 8 year struggle. Bruce would call often with words of encouragement and hope. When Peter died, Bruce was by my side. He called me daily and took me on a vacation to try and lighten my spirit. He has continued to be there for me with brotherly love, advice, and mentoring.

(Ex. 10 at 1). *See also* Ex. 9 at 1, Let. of Cindy McCaffrey (sister-in-law notes that Mr.

McCaffrey "has been more than generous and loving to our three children"); Ex. 2 at 2, Let. of

Jerome A. Copelan (noting that Mr. McCaffrey "made a point to visit his family when traveling

East, took his Sister on a cruise vacation he earned through a travel affiliation, and had his

nephew live with him while attending music school in the Los Angeles area").

And Mr. McCaffrey's loyalty to his country and his family were accompanied by his loyalty to Qantas, his employer. Indeed, it is perhaps because of his loyalty to Qantas -- to a fault -- that Mr. McCaffrey finds himself in the situation he is in today. At Qantas, Mr. McCaffrey was the consummate professional, whose strength of character, integrity, and work ethic were apparent to many who knew him. Carl Feil, a former senior Qantas personnel executive who left the company approximately 13 years ago, writes:

> I remember Bruce as being a very hard-working, conscientious and loyal employee. His strong work ethic was evident by the long hours he spent at the office -- arriving very early in the morning and often remaining at work well after closing time. I always felt that Bruce behaved in a manner consistent with the expressed values and ethical principles of the corporation.

(Ex. 5 at 1). *See also* Ex. 2, Copelan Let. at 1 (extolling Mr. McCaffrey's "honesty, forthrightness and integrity" and the fact that he "did not lie, cheat, cut corners, make excuses, or take the easy way out"); Ex. 12, Let. of Frank Nerli at 1 ("Mr. McCaffrey is guided by very high moral principles and possesses the utmost integrity and loyalty for his company and subordinates"); Ex. 3, Let. of Richard J. Costa, at 1 ("In all the [25] years I have known him, I do not remember one time when he did not do what would be considered the morally or ethically right thing to do.").

Indeed, Mr. McCaffrey's good character shone through even to those who were *not* at Qantas, but who came across him professionally. Writes Jerome Copelan:

> I first met Bruce in a professional setting. Bruce represented Qantas Airways, the Tenant, and I represented the Airport Commission of the City and County of San Francisco, the Landlord. . . . [W]hat truly impressed me [about Mr. McCaffrey] was his honesty and forthrightness. While people around him were positioning to advance their own parochial interests, Bruce was able to see the big picture and made the decision to do the "right thing" for all the concerned interests.

8

(Ex. 2 at 1).  David A. Johnson, who first met Mr. McCaffrey professionally, while Mr. Johnson

was working for Evergreen International Airlines, sounds the same theme:

> [A]t no time did Bruce display anything but being the 110%
> representative of QANTAS AIRWAYS making sure, at all times,
> the interests of his employer were always brought to the front.  His
> professionalism and integrity were always of the highest standard.

(Ex. 6 at 1).  *See also* Ex. 7 at 1, Let. of Jack D. Lee ("Bruce and I . . . have discussed many

potential business ventures and franchise opportunities requiring my investment and his sweat

equity and I am disappointed that I could not lure him away from the airline industry and his

dedication to Qantas Air Lines.  I would have been and still would be honored to have him as a

partner, but Bruce was never motivated by money . . . .").

In short, we respectfully suggest that in fashioning the appropriate sentence for Mr.

McCaffrey, this Court should consider the above-described character traits, which speak so well

of him, and demonstrate that the offense conduct in this case was truly an aberration in an

otherwise exemplary life.  *Cf., e.g., United States v. Craven*, 239 F.3d 91, 100 (1st Cir. 2001)

(*citing United States v. Workman*, 80 F.3d 688, 701 (2d Cir. 1996)) (affirming downward

departure where defendant had completed military service honorably before his arrest); *United

States v. Royal*, 902 F.Supp. 268, 272 (D.D.C. 1995) (noting that defendant's "personal history,

outstanding record at school, ten years of military service, and absence of any criminal record"

were factors considered in granting downward departure).

## C.   Mr. McCaffrey's Failing Health

Mr. McCaffrey's failing health is yet another reason for the Court to mete out a merciful

sentence in this case.  At 65 years of age, Mr. McCaffrey suffers from a panoply of physical

ailments: the after-effects of an injured knee and broken hip, rheumatoid arthritis, hypertension,

the after-effects of a stroke and kidney failure.

9

As set forth in the PSR, Mr. McCaffrey injured his knee and broke his hip in a motorcycle accident, both of which required surgical repair. (PSR ¶ 39). To this day, he walks with a pronounced limp, in part due to these injuries. He also has hypertension. (*Id.* ¶ 40).

For over 30 years, Mr. McCaffrey has suffered from rheumatoid arthritis. (*Id.* ¶ 41). Due to this condition, he has severe pain in his joints. Although his pain historically has been controlled by medication, due to his recent kidney failure, the pain relief has been cut back to mere aspirin. (*Id.*). Not only does the arthritis cause pain, but it has impaired the mobility of his hands and joints, severely impairing their functionality. He has endured several surgeries for this condition. (*Id.* ¶ 42).

Mr. McCaffrey suffered a stroke 12 years ago, losing all mobility on the left side of his body. (*Id.* ¶ 44). He has only regained approximately 80 percent of that mobility. (*Id.*).

Finally, as if the above were not enough, Mr. McCaffrey has also suffered for the past 12 to 14 years from chronic renal failure. (*Id.* ¶ 43). This condition has steadily deteriorated, such that his physician now tells him that he must have a kidney transplant within the next year, or he will need to undergo a course of dialysis treatment. (*Id.*).

Due to these severe ailments, it is respectfully submitted that any sentence of incarceration that exceeds that set forth in the plea agreement would be unduly severe. *Cf., e.g., United States v. Dyce*, 975 F. Supp. 17, 22 (D.D.C. 1997) (granting downward departure where defendant had complications from stroke and medication regime).

### D.    Mr. McCaffrey's Relative Level of Culpability

Finally, any analysis of the appropriate punishment for Mr. McCaffrey's crime would be incomplete without addressing the relative levels of culpability enjoyed by the various participants to the conspiracy.

584493-1

As set forth above, Mr. McCaffrey was essentially middle management at Qantas. He did not originate the scheme to which he ultimately pled guilty. Rather, he -- like several other Qantas managers at his level in different places around the world -- simply followed the orders of the corporate higher-ups in Sydney. Of course, Mr. McCaffrey did not profit one bit from this crime. His salary was not based upon commission, and while it steadily increased over his 26 years at Qantas, culminating with the approximately $149,000 annual salary he was making at the time of his retirement in 2007 (PSR ¶ 56), Mr. McCaffrey's compensation was in no manner increased by virtue of his offense conduct. Any profits realized from the offense were enjoyed not by Mr. McCaffrey, but by his employer, Qantas.

Make no mistake: Mr. McCaffrey is profoundly sorry for what he's done, and he accepts full responsibility for his conduct. Without in any way minimizing that conduct, we respectfully suggest that it is appropriate for this Court to consider, with respect to the *perception of justice* in this case, the fact that Mr. McCaffrey was a lower level employee following the orders of his superiors in Sydney. Moreover, we submit that it is also appropriate to consider, in this same regard, the fact that because Mr. McCaffrey's superiors (or co-conspirators) committed their crimes in Australia, where competition offenses are *not criminally sanctioned*, the originators of the crime will not be facing criminal punishment in their own country. And while they certainly could be charged someday by the United States, because the conduct is not criminal in Australia, they cannot be extradited from that country to face charges in the United States.

Again, all of the above does not negate Mr. McCaffrey's own acknowledged culpability for the charged crime. Rather, it is offered simply for the purpose of context, so that in fashioning a sentence for Mr. McCaffrey, this Court can fairly weigh his contemplated punishment against the likely penalties (or lack thereof) to be suffered by his co-conspirators.

<u>Conclusion</u>

For the reasons set forth above, we respectfully submit that the Court should sentence Mr. McCaffrey to no more than the most lenient sentence contemplated under the parties' plea agreement: *i.e.*, eight months' incarceration, no supervised release and a $20,000 fine.

Finally, in the event that the Court metes out a sentence of incarceration, we respectfully request that the Court recommend to the Bureau of Prisons that Mr. McCaffrey serve his period of incarceration in a facility on the East Coast -- if possible, the Allenwood Federal Correctional Institution in White Deer, Pennsylvania -- so that Mr. McCaffrey may receive visits from his closest family members. (*See* Ex. 10, Karen J. McCaffrey Let., at 2 (making same request, noting "It is extremely important that we be there for Bruce, as he has always been for us. We love him very much.")).

Dated: New York, New York
       July 22, 2008

Respectfully submitted,

OLSHAN GRUNDMAN FROME ROSENZWEIG
& WOLOSKY LLP

By: /s/ Jeffrey A. Udell
    Thomas J. Fleming (DC Bar No. 322131)
    Jeffrey A. Udell (*pro hac vice*)
    *Attorneys for Defendant*
    Park Avenue Tower
    65 East 55th Street
    New York, New York 10022
    Tel.: (212) 451-2300
    Fax: (212) 451-2222

12

584493-1

# EXHIBIT INDEX

| Author of Letter | Exhibit # |
|---|---|
| Charles D. Cocci | 1 |
| Jerome A. Copelan | 2 |
| Richard J. Costa | 3 |
| David R. Federick, DMD, MScD, FACD, FICD | 4 |
| Carl Feil | 5 |
| David A. Johnson | 6 |
| Jack D. Lee | 7 |
| Richard E. Madigan | 8 |
| Cindy McCaffrey | 9 |
| Karen J. McCaffrey | 10 |
| Neil McCaffrey | 11 |
| Frank Nerli | 12 |
| Richard L.S. Ring | 13 |
| George Stark | 14 |

583976-1

# EXHIBIT 1

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001
Re: Bruce McCaffrey

Dear Judge Bates,
    I'm writing this letter on behalf of Bruce McCaffrey. I have known Bruce for 25 years and have always found him to be professional and ethical in my dealings with him as a client of Qantas Airways. Any consideration for leniency would be greatly appreciated.


Sincerely Yours,

Charles D Cocci

# EXHIBIT 2

June 23, 2008

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U. S. Courthouse
333 Constitution Avenue, Northwest
Washington D.C. 20001

Re:    Bruce R. McCaffrey

Dear Judge Bates:

I have known Bruce McCaffrey, both personally and professionally, for almost 30 years.  Bruce is a diligent, responsible and productive individual, and I consider him to be a person of the highest moral character and personal integrity.

I first met Bruce in a professional setting.  Bruce represented Qantas Airways, the Tenant, and I represented the Airport Commission of the City and County of San Francisco, the Landlord.  His product knowledge and operational expertise were immediately apparent.  However, what truly impressed me was his honesty and forthrightness.  While people around him were positioning to advance their own parochial interests, Bruce was able to see the big picture and made the decision to do the "right thing" for all the concerned interests.  The negotiation was a win-win.

Subsequently, I too joined Qantas Airways in an executive position.  For almost a decade, Bruce and I worked together on many projects, and in the process we also became close personal friends.  During that time, I repeatedly witnessed Bruce exercise the same honesty, forthrightness and integrity that so impressed me when I first met him.  Bruce continued to "do the right thing", and moreover, he would do it for the right reasons.  Bruce did not lie, cheat, cut corners, make excuses, or take the easy way out.

Bruce's accomplishments with Qantas Airways are significant, and can even be viewed in terms of the impact on trade between the United States and Australia.  At meetings and gatherings people would gravitate to meet or talk with Bruce, not only because of his accomplishments, but also because of the strength of his character.  Bruce was a positive role model for many employees, and touted the belief that honesty and openness in your business dealings would yield benefits in the long run.

The Honorable John D. Bates
June 23, 2008
Page 2

Regarding Bruce's personal life, I have seen the same character traits that made him so respected in business, carried through to his personal life. Bruce was always honest, lawful, respectful of others and responsible in his family duties. He made a point to visit his family when traveling East, took his Sister on a cruise vacation he earned through a travel affiliation, and had his nephew live with him while attending music school in the Los Angeles area.

Bruce's commitment to work and family are also evidenced by his ability to achieve his business successes and maintain his personal responsibilities despite his heath issues that have plagued him for an extended period of time. He has persevered for decades despite his severe arthritis. Further, he has returned to work despite a stroke that impaired his mobility.

I will always consider Bruce to be one of my closest friends. He has been, and will continue to be, a person who's advice I seek. His vision has always been clear, his thinking level-headed, his opinions respectful of others, and his counsel practical and realistic.

I am truly saddened by the recent charges that led Bruce to the criminal courts system. Bruce was a dedicated employee before his retirement, and truly made a positive impact for Qantas during his almost 30 year career with them. He has been and will continue to be a productive member of society and a role model for many people. The charges are punishment enough as they stain an otherwise brilliant career, and mar what should be his golden retirement years. I would ask that you consider all of the good that Bruce has done throughout his life and career, consider his health needs, and impose the lightest possible sentence.

I would be happy to provide additional information or answer any questions your Honor may have.

Respectfully,

Jerome A. Copelan
409 N. Pacific Coast Hwy
No. 440
Redondo Beach, CA 90277

Tel: 310-702-0391
Email: jcopelan@copelanconsulting.com

# EXHIBIT 3

02 July 2008

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001

Re: Bruce McCaffrey

Dear Judge Bates:

I have known Bruce McCaffrey for 25 years and shared an apartment with him in New York City for 5 years in the early 1980's. In those 5 years, I would see and talk to Bruce on almost a daily basis. We had mutual friends, socialized together and would have lengthy conversations on everything from sports to politics to business. During those years, I knew him as well as anyone can know an individual.

Bruce grew up in New Jersey, graduated from Villanova University, was a U.S. Army helicopter pilot during the Vietnam era. He went on to a career in the airline industry working for National Airlines, Pan Am and ending his career as manager of cargo operations for North and South America for Quantas Airlines based in Los Angeles. Simply put, Bruce is a person who has done all the right things at the right times in his life. There are no gaps in his "resume". In all the years I have known him, I do not remember one time when he did not do what would be considered the morally or ethically right thing to do.

I cannot imagine Bruce McCaffrey getting caught up in any criminal or illegal activity. Surely, there must be some extenuating circumstances where Quantas management in Australia has created a bureaucratic maze and set of entanglements to insulate themselves and allow their managers in the U.S. to bear the consequences. In my years of experience, I have seen several such situations where senior management has distanced themselves from the activities of a local operation to the subsequent detriment of that local management, i.e., the proverbial "cover your self" mentality.

Parenthetically, and as a basis for my comments, I graduated from University of Notre Dame, was a U.S. Navy officer and a corporate loan officer with Manufacturers Hanover Trust Bank. More importantly, I spent the rest of my career in the food industry with General Foods, Kraft Foods and Philip Morris ending my career as General Manager for exports and licensing traveling extensively to Central, South America and the Caribbean. The nature of these jobs was such that legal issues were an integral part of my responsibilities.

Thank you for reading this testimonial support to Mr. McCaffrey's character and integrity.

Richard J. Costa
360 -E.65 St., Apt. 21B
New York, N.Y. 10065
212-744-8208
rjcosta2@msn.com

# EXHIBIT 4

DAVID R. FEDERICK, DMD, MScD, FACD, FICD
13233D FIJI WAY
MARINA DEL REY, CALIFORNIA 90292

July 10, 2008

TO:    Mr. Jeffrey A. Udell
FAX:   (212) 451-2222
FROM:  Dr. David R. Federick

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC   20001

Re: Mr. Bruce McCaffrey

Dear Judge John D. Bates:

It is my pleasure to submit this letter in support of Mr. Bruce
McCaffrey.

It has been my good fortune to call Mr. McCaffrey a friend and
patient for a number of years. During that time I have come to know
this gentleman as a very intelligent, caring and compassionate
man. His exceptional educational background and career
accomplishments places him in the league of executives which have
contributed to the greatness that defines the USA corporate
system. Mr. McCaffrey's dedication at Qantas Airlines provided
significantly to the success of that corporation.

It is my hope that Mr. McCaffrey shall be honored for his contributions
during his career and will enjoy the benefits of a well earned
retirement.

Respectfully Submitted,

David R. Federick

David R. Federick, DMD, MScD, FACD, FICD

# EXHIBIT 5

July 17, 2008

The Honorable John D. Bates
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001

Dear Judge Bates:

This letter is being sent to you in support of Mr. Bruce McCaffrey whom I understand will be appearing before your Court for sentencing on July 27, 2008.

I am currently the Director of Human Resources for the Roman Catholic Archdiocese of San Francisco and have occupied this position for the past eleven years. Prior to this job I was the Vice President of Personnel the Americas Region for Qantas Airways from 1966 to 1995. I worked with Bruce McCaffrey in San Francisco from about 1985 to 1995. He and I were among a small group of about seven senior level executives who reported to a Senior Vice President of the Americas Region. It was during this period of time that we worked together in San Francisco that I got to know Bruce fairly well.

Bruce joined Qantas as a cargo sales representative in Eastern USA. He did a good job for Qantas and worked his way up to the top cargo position at our regional headquarters in San Francisco. I remember Bruce as being a very hard-working, conscientious and loyal employee. His strong work ethic was evident by the long hours he spent at the office— arriving very early in the morning and often remaining at work well after closing time. I always felt that Bruce behaved in a manner consistent with the expressed values and ethical principles of the corporation. As custodian of employee personnel files I was aware of Bruce's admirable qualities and significant accomplishments that were recorded in his performance evaluation documentation. I recall that he was responsible for a large sales and operations budget and according to his boss at the time Bruce discharged his fiscal responsibilities with accuracy and integrity.

Mr. McCaffrey had the public persona of someone, although very professional and business-like, seemed at times to some people as being a little detached and aloof. However, for others, like myself, who worked around him day in and day out, we knew that Bruce was very approachable and his door always open to anyone who wished to see him. As a stark contrast to this serious-minded, all-business persona of Bruce McCaffrey, he demonstrated on numerous occasions a very genuine concern, kindness and compassion for employees on his team who were facing personal problems. I also vividly recall Bruce consenting to participate in a "song and dance" routine along with the other senior executives at a company family picnic. We all looked pretty silly and very awkward "performing" (if you could call it that) in front of our employees but Bruce clearly understood the importance of supporting any efforts by management to enhance workplace morale and build community among our employees.

As a retired Qantas executive I was appalled when I learned about the very unfair treatment that this dedicated, loyal, hard-working individual received from of my former employer. Obviously I do not know the facts surrounding this case. But, I sincerely believe Mr. McCaffrey to be a good man and I beg the Court to exercise the utmost leniency in handing down its sentence for whatever transgressions he may have committed.

Respectfully submitted,

Mr. Carl Fei
134 St. Joan Lane
Pleasant Hill, Ca 94523

# EXHIBIT 6

David A. Johnson
349 Oak Leaf Street,
Newberg, OR 97132
Tel: 503-703-4329
davlizjohnson@comcast.net

June 27th 2008

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barret Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

Dear Judge Bates

Re: Bruce McCaffrey

I am pleased to state I have known Bruce McCaffrey for over 20 years, having first met him, in his capacity as VP Cargo The Americas for QANTAS AIRWAYS in 1988, when his regional office was based in San Francisco.

In the employment of Evergreen International Airlines (EIA), a provider of wet lease aircraft and crews (ACMI), it was my job to solicit QANTAS AIRWAYS to persuade them to consider the use of EIA for their all cargo aircraft needs down to Australia. My dealings with Bruce were always straight forward, proper and very busy like. I was fortunate to have been successful in my endeavors, a contract being signed in June 1989 which continued through December 2001.

During the course of the twelve years the contract was in place my association with Bruce became a little more personal, as is the case in these types of business relationships.

Let it be known that at no time did Bruce display anything but being the 110% representative of QANTAS AIRWAYS making sure, at all times, the interests of his employer were always brought to the front. His professionalism and integrity were always of the highest standard. His own nature was/is not to show emotion so he was sometimes a very difficult person to read. I put this down possibly to the various medical complaints he suffered over the years, which he never brought up in conversation himself. I always stated to my wife that there was nothing nicer than to see Bruce with a smile on his face.

I am proud to know Bruce and sincerely trust his loyalty to his employer, not at any time having sought any financial gain for himself, will be brought into consideration in your decision making.

Thank you

Yours truly

David A. Johnson

# EXHIBIT 7



**The UPS Store® Area Office**

**The UPS Store®**
1095 Old Roswell Road, Ste. D-1
Roswell, GA 30076
770.645.2513 Tel
770.645.2514 Fax

June 24, 2008

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001
Re: Bruce McCaffrey

Dear Judge Bates:

I have known Bruce McCaffrey for most of my life. We were roommates in Atlanta in the early seventies and Bruce is one of the wittiest, brightest and most honest people I have ever known. Bruce and I have stayed in touch over the years and have discussed many potential business ventures and franchise opportunities requiring my investment and his sweat equity and I am disappointed that I could not lure him away from the airline industry and his dedication to Qantas Air Lines. I would have been and still would be honored to have him as a partner, but Bruce was never motivated by money and preferred the travel perks of the airline industry.

Over the years, I have known Bruce to be honest, trustworthy and dedicated to his parents and siblings. He has treated my wife and daughter as I would expect from my own brother, and he has been a true friend and always available for my family and me. My wife and I recently spent our summer vacation on a road trip throughout the southeast with Bruce and could not have had a more delightful and intellectually stimulating experience.

I am the area owner and developer for The UPS Store and Mail Boxes Etc. franchise system in the States of Georgia and North and South Carolina, with more than three hundred centers in my network. I had a franchisee in Cumming, Georgia who was the daughter of Frank Nerli, who worked for Bruce for several years at Qantas Air Lines. Frank paid for his daughter's franchise and I got to know him well in the process. We discussed and compared extensive notes on Bruce McCaffrey and determined that we both cherished the friendship and were honored to have a long-term relationship. We both stated that we would share our success with Bruce if he asked.



**The UPS Store® Area Office**

**The UPS Store®**
1095 Old Roswell Road, Ste. D-1
Roswell, GA 30076
770.645.2513 Tel
770.645.2514 Fax

I am shocked to hear of Bruce's situation. I strongly believe based on his integrity and lack of greed and motivation for money that there must be some mistake and mitigating circumstances related to the charges. Additionally, Bruce's failing health, a stroke and severe arthritis, makes a compelling argument for leniency.

If I can help Bruce in any way, I can be reached with the following contact information.

Sincerely,

Jack D. Lee
8690 River Bluff Lane
Roswell, GA 30076
Home: 770- 552 9830
Cell: 404 626 1085

The UPS Store

# EXHIBIT 8



**MADIGAN CAPITAL MANAGEMENT, INC.**

P.O. Box 531
Oceanport, NJ 07757    June 20, 2008
Telephone: 732-542-4970
Fax: 732-542-4971

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001

**Re: Bruce McCaffrey**

Dear Judge Bates:

My name is Richard Madigan and I am 66 years old and live in Oceanport, NJ. I am a CPA and since 1985, have been an independent investment advisor.

I have known Bruce McCaffrey since 1949. In fact, I knew his entire family: his father Jack; his mother Kay; his brother Neil and his sister Karen. Jack McCaffrey was mayor for many years of the town we grow up in (Allenhurst, NJ).

Bruce and I took alter boy training together and served at St. Mary's church in Deal, NJ.

We grew up together so I can certainly speak of his qualities of honestly, integrity and dedication to schooling and his work. We attended the same grammar school and high school. Bruce was really an all-American boy participating in all of the activities that were offered by the town and schools.

He served his country honorably in the military.

We kept in contact over the years and saw each other when he would come back to visit his family in New Jersey.

I feel very comfortable in describing him over his lifetime as a law-abiding, patriotic, caring human being.

Sincerely,

Richard E. Madigan
Richard E. Madigan

# EXHIBIT 9

July 2,2008

The Honorable John D. Bates

c/o United States District Court Judge

U.S. District Court for the District of Columbia

E. Barrett Prettyman U.S. Court House

333 Constitution Avenue, Northwest

Washington, D.C. 20001

Re: Bruce R. Mc Caffrey

Your Honor:

My name is Cindy Mc Caffrey, and I am the sister-in-law to Bruce Mc Caffrey. I have been a member of this family for over 25 years. I have witnessed Bruce as a noble and honest man with great family values. He has been more than generous and loving to our three children. Bruce, being the son to Mayor Jack Mc Caffrey of Allenhurst, New Jersey, was raised with high standards. The Mc Caffrey's were, and still are, a very reputable family in the community.

It saddens me greatly that this man has been used as a scapegoat for the failing of his corporate bosses and is being sacrificed on their behalf. He now feels that he has become an embarrassment to his family because of such injustice.

I pray that you will take this all into consideration upon reaching a decision.

Sincerely,

Cindy Mc Caffrey

# EXHIBIT 10

Karen J. McCaffrey
220 Balmforth Street
Bridgeport, CT 06605
Home Phone: 203-572-0420 -  Email: kmccaffrey9@gmail.com

June 26, 2008

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001

RE: Bruce W. McCaffrey

Dear Honorable Judge Bates,

I am writing this letter on behalf of my brother Bruce and I hope that my words can
somehow express the characteristics that best describe him.

My two brothers are my rock….I am the youngest in the family and the only girl.
Through the years, my brothers have given me all the support and love any sister could
ask for.

We recently lost our Mother, whom we were very close to.  During the course of her 4
months of hospice care, Bruce flew back and forth from LA to NJ to be by her side.  He
not only made several visits; but he called everyday to speak with Mom and always
ended the conversation with "I love you Mom".  Mom wished for the three of us to be by
her side when she died and Bruce, Neil and I were there to hold her hand and share our
love before she passed.

We have always been a close knit family.  We had wonderful parents who gave us love;
stability; taught us good family, ethical, and moral values; and gave us the
encouragement to achieve our life's goals and we miss them terribly.

Bruce has also been unfailingly there for me, especially in my darkest moments.  I lost
my husband Peter to cancer three years ago…it was an 8 year struggle.  Bruce would call
often with words of encouragement and hope.  When Peter died, Bruce was by my side.
He called me daily and took me on a vacation to try and lighten my spirit.  He has
continued to be there for me with brotherly love, advice, and mentoring.

Bruce has always been a loyal and caring brother, son, and friend.  It is his amazing trait
of loyalty that that has now gotten him into this trouble.  He has been a trustworthy,

reliable, and devoted employee of Qantas for over 20 years. By following their policy decisions he became their 'victim'. We, his family and friends, are devastated knowing he was the one taking the brunt of the blame for this crime. Why is it that senior management, the ones making all the decisions, are not forced to face these charges? They refuse to be extradited back to this country to testify, for they KNOW they are the guilty parties.

Qantas Airlines reaped the benefits of this price-fixing, not Bruce. As an employee Bruce was paid a salary and did not benefit from this financially. It seems that Qantas could care less about Bruce; he is no longer an employee, so they pinned him in a corner and now they are hanging their loyal messenger. They apparently don't care what happens to Bruce, as long as their Australian management are not fined or sentenced. Does this seem fair?

Bruce was a trusted, loyal employee for so many years. Even when he had to face his current major health issues, he rarely missed a day of work. His work ethic and his dedication to his long-time employer were an inspiration to family and friends. So we are shocked and saddened to know that by implementing the policies of senior management, he is now being charged with a felony, becoming Qantas' scapegoat.

Your Honor, I would hope that when you read our letters that you will see that Bruce is a devoted and caring brother and son; sincere and trusted friend; and an honorable and respectable citizen. I sincerely pray that Bruce's term is a short one for his health has been a major challenge since he suffered a stroke in 1994. He has had other serious ailments throughout the years, and we are very concerned about the stress of this trial and sentence. I have had too many family losses in a short period of time and can not bear the thought of losing one of my brothers. I hope this is taken into consideration.

If he must serve a prison term, I would ask that he be placed in a facility somewhere on the East Coast so that family can visit often. It is extremely important that we be there for Bruce, as he has always been for us. We love him very much.

I sincerely hope by expressing my concerns and my honest opinion of my brother that it may be helpful in your reaching a decision.

Respectfully yours,

Karen J. McCaffrey

Your Honor, I am attaching articles written in the Herald Sun; Air Cargo News and The Australian which I trust you will read. Certainly helps support our letters written in Bruce's defense.

# EXHIBIT 11

June 23,2008

The Honorable John D. Bates
c/o United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Court House
333 Constitution Avenue, Northwest
Washington, D.C. 20001

Re: Bruce R. Mc Caffrey

You're Honor:


If I am asked if there is one particular virtue that stands out about my brother the
first thing that comes to my mind is his patriotism. I wanted him to follow me into the
Marines but he chose to follow in our father's footsteps into the Army. A few months
before I returned from Viet Nam, in July of 1966, Bruce volunteered to join the United
States Army. He did so at a very difficult time in our countries history and did this
without hesitation. He knew his country needed him. After being accepted into Officers
Candidate School, he graduated as Second Lieutenant. Since there was a great need for
helicopter pilots, at this time, he volunteered for flight school where again he successfully
completed the course and became a helicopter pilot. He served until 1974 when he was
honorably discharged. Although he never made it to Viet Nam it wasn't for lack of
trying.

It should be noted that the arthritis in Bruce's hands and feet were already in an
advanced stage for a man of his age, I suppose he could have gotten a medical deferment
if he chose to. Like his father and I, he was going to serve his country and he would not
use that as an excuse.

Bruce loved flying so it came as no surprise that he would be working in the airline industry most of his adult life.  His leadership abilities that he learned in the Army, plus his drive to be the best, helped him move up the ladder of success. After working for National Airlines and then Pan Am he was hired by Qantas Airlines.

I know my brother to be a very honest and loyal man to his family, country and company and would not deliberately make a decision without him first consulting his bosses in Australia. He was not in the position to set policy only to implement it. I hope you take this into consideration when you are deciding on his sentence.

Sincerely,

Neil Mc Caffrey
636 Route 94
Newton, NJ 07860
gratitudefarm@yahoo.com

# EXHIBIT 12

July 3, 2008

To: The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman District Courthouse
333 Constitution Avenue, Northwest
Washington D.C.   20001

Re: Bruce McCaffrey

Dear Judge Bates,

I am writing to provide you with pertinent information regarding the character of Mr. McCaffrey.

I was employed by Qantas Airways from 1969 until 1991 at which time I accepted an early retirement severance package and began my own business. I have kept in touch with Mr. McCaffrey on a business level since that time.

Mr. McCaffrey was my immediate supervisor from 1984 until 1991, he the Vice President of Cargo and I as Cargo Sales Manager in Chicago and later in San Francisco. We worked closely together in Air Cargo Marketing and Operations for commercial cargo to and from Australia. Our job was to fill cargo capacity on Qantas aircraft.

To my knowledge, during the years I worked with Mr. McCaffrey, he never took part in unscrupulous or illegal activity related to cargo marketing. In fact, I can honestly say that in my opinion, Mr. McCaffrey is guided by very high moral principles and possesses the utmost integrity and loyalty for his company and subordinates.

I urge you to look favorably on his circumstance.

Respectfully,

Frank Nerli
Managing Partner
DGI Training Inc.
1060 El Camino Real   Suite B
Redwood City     California     94063

805 473 0978
dgifn@dgitraining.com

# EXHIBIT 13

July 3, 2008
2931 Hidden Valley Lane
Montecito, CA 93108

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001

Re: Bruce W. McCaffrey

Dear Judge Bates,

I am writing in regards to Bruce McCaffrey's case which will shortly enter the penalty phase. I have been a friend of Bruce's since 1961 when we first roomed together at Villanova University. One of several years we were roommates. You get to know a person very well under those circumstances. Our friendship has continued ever since.

I would describe Bruce as a real stand up guy. He has all the virtues you look for in a friend; loyalty, integrity and compassion. The same virtues he would have brought to his job at Qantas. A consummate bachelor, he immersed himself into his work. Work was a major part of his life.

I would ask that several factors be taken into consideration when determining sentencing. I would like to think there could be an alternative to prison. Bruce was not in a position to set policy, he implemented policy. Bruce's health, which is not very good, could be jeopardized in a way that would make the sentence not fit the crime. He did not benefit in any way from the crime he is accused of.

Thank you for your consideration to this letter.

Sincerely,

Richard L.S. Ring

# EXHIBIT 14

July 3, 2008

The Honorable John D. Bates
United States District Court Judge
U.S. District Court For The District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001

Re: Bruce McCaffrey

Dear Judge Bates:

I am writing this letter as a character reference for Mr. Bruce McCaffrey.

I have known Bruce professionally and personally for over twenty years. I hired him at
Qantas Airways and recommended his promotion to replace me as Director of Sales N.A.
in 1985. I continued my relationship with him as Qantas became a customer of mine when
I moved to an aviation services company until I retired in 2006.

When Bruce became VP of Cargo for Qantas he directed the sales for North America.
From my experience in a similar role I know that the cargo rates charged to their
customers where controlled by the Qantas headquarters staff in Sydney.

I have the highest regard for Bruce and I cannot believe he would ever knowingly break
any laws. All of my dealings with him have been of the highest professional standards
above any reproach.

I would appreciate you taking this into consideration.

Sincerely,

George Stark